UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LI ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-1117 |
| GEORGES MEDIA GROUP LLC | SECTION "L" (2) |

### ORDER AND REASONS

Pending before the Court is a Motion to Dismiss for Failure to State a Claim by Defendant Georges Media Group, LLC ("Georges Media"), R. Doc. 24. Plaintiff Whitney Richard opposes the motion, R. Doc. 25, and Defendant's filed a reply, R. Doc. 28. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises from alleged disclosures of Plaintiffs' personally identifiable information ("PII") by Defendant. R. Doc. 3 at 1. Plaintiffs allege that they are subscribers to Defendant's website, Nola.com, and that when they watched videos on Nola.com, Defendant shared Plaintiffs' PII with Meta (previously Facebook) without notifying Plaintiffs. *Id.* Plaintiffs seek relief for themselves and also seek class action certification for similarly situated plaintiffs. *Id.* at 8-9. Though there were two named plaintiffs at the start of this litigation, Ms. Li and Ms. Richard, Ms. Li was not listed as a named party in the proceedings in the First Amended Complaint. R. Doc. 20.

In the First Amended Complaint, the "subscriptions" that Plaintiff Richard claims are at issue here are not newspaper subscriptions, but subscriptions to e-mail newsletters that individuals may sign up for on the Nola.com website. *Id.* at 3. Richard alleges that many subscribers are also users of Facebook, which assigns every individual user a Facebook ID—an "FID"—used to identify and view her profile. *Id.* at 3-4. Richard alleges that, for subscribers to Nola.com's e-mail

1

newsletters who are also users of Facebook, clicking on and viewing a video causes the name of that video, along with their FID, to be transferred to Meta. *Id.* at 4. This is so, Richard alleges, because Nola.com and other Georges Media properties make use of the "Meta Pixel," a "code analytics tool" that "tracks the actions of Website visitors ("subscribers,") such as the pages a visitor accesses and the content they view." *Id.* As a result, Richard alleges, when an individual who has a Facebook account watches a video on Nola.com, the URL and name of the video are transmitted to Meta along with the unique FID of the viewer. *Id.* at 7. Richard alleges that Defendant knowingly uses this tool to monetize the website by sending PII to Facebook/Meta. *Id.* Further, Richard alleges, Defendant did so without the consent of website users, who "are not given an opportunity to withdraw from or prohibit the disclosure of their PII or the video content they view." *Id.*

Richard brings suit under the Video Privacy Protection Act (VPPA), which provides that a "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person." 18 U.S.C. § 2710(b)(1). Richard alleges that "an entity that provides videos via streaming is a video tape service provider under the VPPA," R. Doc. 20 at 8, and that because Defendant "is engaged in the business of delivering audio visual materials (e.g. videos) to the Plaintiff and Class in multiple states and across state borders," Defendant qualifies as a "video tape provider" within the scope of the VPPA, *id.* at 13. Richard further alleges that the Defendant knowingly disclosed their FIDs, URL/name of video content, and PII to Meta via the Meta Pixel, without Richard's consent. *Id.* at 13-14.

Richard seeks class action certification is proper pursuant to Fed. R. Civ. Proc. 23, statutory damages, punitive damages, injunctive relief against the Defendant, attorneys' fees, and a holding

in their favor. *Id.* at 14.

Defendant filed the instant motion to dismiss on September 21, 2023. R. Doc. 24.

## II.   PRESENT MOTION

In its 12(b)(6) Motion for Failure to State a Claim, Defendant Georges Media argues that Plaintiff is not a "consumer" under the VPPA. Defendant argues that it did not "knowingly disclose" any PII to Meta via the Meta Pixel because the alleged PII is "created and maintained by Facebook" not Georges Media. Further, Defendant argues that it does not disclose Facebook account information to Meta and that the alleged information disclosed is not PII. Lastly, Defendant seek to preserve its arbitration rights in the event that the Court determines dismissal is not appropriate.

In opposition, Plaintiff Richard argues that she is a paid subscriber and accordingly, she is a consumer under the VPPA. R. Doc. 25 at 5. She further argues that Defendant's disclosures were made knowingly because it "deliberately installed a piece of code into its website which would disclose its users' viewing information to Facebook/Meta." *Id.* at 11. Richard contends that the information disclosed by the Defendant is "plainly PII" because other district courts have concluded that "a person's FID paired with the title/description of a video present on a URL is PII under the VPPA." *Id.* at 13. Regarding the enforceability of arbitration, Richard avers that Georges Media invoked the judicial process such that it has waived its right to arbitration. *Id.* at 2.

In reply, Georges Media re-emphasizes its earlier arguments and preserves its right to arbitration. R. Doc. 28.

## III.   APPLICABLE LAW

### A.   12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV. DISCUSSION

### a. 12(b)(6) Motion

Richard has stated a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. First, Richard sufficiently alleges that she is a consumer under the VPPA.

Enacted in 1988, the VPPA provides that a "video tape service provider who knowingly discloses . . . personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person." 18 U.S.C.A. § 2710(b)(1) (West). Under the statute, the term "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider," and the term "personally identifiable information" includes "information which

identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C.A. § 2710(a)(1), (a)(3) (West).

Many circuits have further refined their interpretation of the statute to keep up with modern technology. Passed in response to a Washington, D.C. newspaper obtaining and printing copies of a judge's DVD rental history, the law today has been invoked to protect the PII of online video subscribers. Paul M. Schwartz, *Free Speech vs. Information Privacy: Eugene Volokh's First Amendment Jurisprudence*, 52 Stan. L. Rev. 1559, 1562 (2000). The Fifth Circuit has not opined on consumer status, knowing disclosure, and PII under the statute. Therefore, this Court must rely on persuasive authority from its sister circuits.

One way to be a consumer under the VPPA is to be a "subscriber" of goods and services from a video service provider. 18 U.S.C.A. § 2710(a)(1). However, the VPPA does not define "subscriber." *Id.* The Eleventh Circuit has held that an individual who installed and used a free mobile application on her smartphone to view content was not a subscriber and thus not a consumer under the VPPA. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1257 (11th Cir. 2015). Although payment is not by itself determinative, the court noted that a subscription requires some form of "commitment, relationship, or association (financial or otherwise) between a person and an entity." *Id.* at 1256. The court reasoned that downloading a free app, which a user can easily delete at any time, does not rise to the level of relationship between entity and user that is required under the VPPA. *Id.* at 1257.

However, the First Circuit went a different way on a similar set of facts. *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016). In staving off a 12(b)(6) motion, the First Circuit held that a plaintiff who used a free mobile application that provided the defendant media company with the plaintiff's GPS location, device identifier, and the titles of videos plaintiff

viewed in return for access to defendant's content qualified the plaintiff as a subscriber. *Id.* In *Yershov*, the plaintiff downloaded and used a free *USA Today* app to view newspaper articles, and the defendant then transmitted the plaintiff's personal and article-viewing information to a third party. *Id.* at 484. The court reasoned that although the plaintiff did not pay money for defendant's content, he still provided consideration in the form of access to his personal information, which created a subscriber relationship between plaintiff and defendant. *Id.* at 489.

Here, Richard alleges that she is a paid subscriber of Defendant's website, nola.com, which grants her exclusive access to content behind a paywall, including prerecorded video content. R. Doc. 1 at 1, 3. Moreover, she alleges that as a nola.com subscriber, Defendant collects and utilizes her personal data, including the content she accesses and her FID. *Id.* at 3-4. Because Richard contends that she pays Defendant for nola.com access including video content and Defendant is able to access her personal data, Richard has sufficiently plead that she is a subscriber and thus a consumer under the VPPA. *See Ellis*, 803 F.3d at 1257; *Yershov*, 820 F.3d at 489.

Second, the Court finds that Richard sufficiently alleges that Defendant knowingly disclosed her PII. The VPPA provides that a "video tape service provider who *knowingly* discloses . . . personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person." 18 U.S.C.A. § 2710(b)(1) (West) (emphasis added). The statute does not define what knowledge requires. The U.S. District Court for the Northern District of California held in *In re Hulu Priv. Litig.* that the term connotes actual knowledge. 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). "'[K]nowingly' means consciousness of transmitting the private information. It does not merely mean transmitting the code." *Id.*

Many other district courts have simply found that where a complaint alleges knowing disclosure under the VPPA, a motion to dismiss will not succeed. *See Sellers v. Bleacher Rep.,*

6

*Inc.*, No. 23-CV-00368-SI, 2023 WL 4850180, at *5 (N.D. Cal. July 28, 2023) ("The complaint alleges that Bleacher Report deliberately installed the Facebook pixel on its website . . . to improve its targeted advertising and increase its revenue . . . These factual allegations are enough for the court to reasonably infer that defendant knowingly discloses personally identifying information"); *Czarnionka v. Epoch Times Ass'n, Inc.*, No. 22 CIV. 6348 (AKH), 2022 WL 17069810, at *4 (S.D.N.Y. Nov. 17, 2022) (holding plaintiff plausibly alleged scienter requirement); *Lebakken v. WebMD, LLC*, 640 F. Supp. 3d 1335, 1343 (N.D. Ga. 2022) ("The Court finds that [Plaintiff] does plausibly allege [Defendant's] conscious transmission of its consumers' private information, and thus, [Defendant] is not entitled to dismissal . . . on that ground").

In her complaint, Richard contends that:

- "Defendant . . . discloses to Meta the URL and video name that the viewer has accessed;"

- "Defendant knew that URLs, video/names/descriptions, and FIDs are simultaneously disclosed;" and

- "Defendant also knew that such combined data identifies Website users and the videos they watched."

R. Doc. 1 at 7. Therefore, taking the factual allegations in the complaint as true, Richard has plausibly alleged that Defendant knowingly disclosed consumer data under the VPPA.

Third, Richard has plausibly alleged that Defendant transmitted PII. The VPPA defines "personally identifiable information," PII, as "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C.A. § 2710(a)(1), (a)(3) (West). In *Yershov*, the First Circuit held that PII is not limited to information that explicitly names a person. 820 F.3d at 486. The court thereby found that GPS and

7

other user data that allowed Adobe to then "link" that information to certain individuals constituted PII under the VPPA. *Id.* Moreover, many courts have specifically found that an FID constitutes PII under the statute. *See Lebakken*, 640 F. Supp. 3d at 1342 ("the Court finds that [Plaintiff] adequately alleged that [Defendant] disclosed her Facebook ID and email address in connection with her video viewing information to Facebook and that the disclosure of such information constituted a disclosure of PII"); *Czarnionka*, 2022 WL 17069810, at *3 ("Plaintiff has plausibly alleged that Defendant's disclosure [of users' FIDs] constituted PII); *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 184 (S.D.N.Y. 2015) ("A Facebook ID . . . is thus equivalent to a name—it stands in for a specific person, unlike a device identifier").

As Richard correctly noted in her briefings, many courts have found that FIDs constitute PII under the statute. R. Doc. 25 at 1; *Lebakken*, 640 F. Supp. 3d at 1342; *Czarnionka*, 2022 WL 17069810, at *3; *Robinson*, 152 F. Supp. 3d at 184. At the very least, Meta can easily "link" the FID to a specific user. *See Yershov*, 820 F.3d at 486. Therefore, Richard has sufficiently plead that Defendant's FID disclosure constitutes sharing of PII. Next, the Court turns to the enforceability of the arbitration clause between the parties.

### b. Arbitration

"[W]aiver of arbitration is not a favored finding, and there is a presumption against it." *Steel Warehouse Co., Inc. v. Abalone Shipping Ltd. of Nicosai*, 141 F.3d 234, 238 (5th Cir. 2008). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991). Invoking judicial process requires that "a party, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* Though the laws binding on this Court suggest that waiver is disfavored, the

question of waiver ultimately depends on the facts of each case. *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010).

Georges Media argues that Plaintiff's use of its websites includes terms and conditions. R. Doc. 24-2 at 11. The terms and conditions expressly state that website users are bound to arbitration for disputes arising out of their use of the websites.[1] Accordingly, the Court finds that an arbitration agreement governs this dispute.

Further, the Court finds that Georges Media has not waived its right to arbitration. The only affirmative motion the defendant has filed is this motion to dismiss. R. Doc. 24. In it, Defendant asserted its right to arbitration. *Id.* at 11-12. Further, a trial date and pretrial deadlines have yet to be scheduled. Because this matter is in its early stages of litigation and as evidenced by Defendants actions, the Court holds that Defendant has not waived its right to arbitration.

V.  **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, R. Doc. 7, be **DISMISSED** as **PREMATURE**.

 **IT IS FURTHER ORDERED** that the parties submit to arbitration pursuant to the arbitration clause. Thus, this matter is **STAYED**.

New Orleans, Louisiana, this 2nd day of November, 2023.


United States District Judge

---

[1] The Terms of Use on nola.com state: "By using this website, you agree to be bound by this Arbitration Agreement for any dispute or claims of any nature that arise from prior, current or future use of the website." nola.com, "Terms of Use", https://www.nola.com/new_terms/.